1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNITY INSURANCE COMPANY, a Texas Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>KARLA LOPEZ; LOPEZ & DUKES TRUCKING; JOSE CARLOS LOPEZ RUIZ; SAUL MEDRANO; EVANGELINA LOPEZ; CYNTHIA DUKES,<br><br>  Defendants.<br><br>KARLA LOPEZ; LOPEZ & DUKES TRUCKING; JOSE CARLOS LOPEZ RUIZ; SAUL MEDRANO; EVANGELINA LOPEZ; CYNTHIA DUKES,<br><br>  Cross-complainants,<br><br>MARIA ROSARIO TOVIAS; TOVIAS FREIGHT & SERVICE; ARSA INSURANCE SERVICES, INC.,<br><br>  Cross-defendants. | Civil No. 04cv0135-L(WMC)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR ENTRY OF PARTIAL JUDGMENT AND FOR PREJUDGMENT AND POSTJUDGMENT INTEREST** |

04cv0135

Plaintiff National Unity Insurance Company ("National Unity") filed an *Ex Parte* Application for Entry of Judgment Based on the Court's Orders of September 5, 2005 and April 7, 2006 Which Granted Summary Judgment, in Part, and Established the Amount of Costs and Fees Recoverable by Plaintiff ("Application"). In addition to the entry of judgment on one part of the pending case, Plaintiff requests the additional remedy of pre- and post- judgment interest. For the reasons which follow, Plaintiff's Application is **DENIED**.

In this insurance indemnity action, National Unity filed a complaint for declaratory relief, including rescission of insurance policy, and indemnity for defense and settlement costs incurred in the underlying personal injury action. Defendants (collectively "Lopez & Dukes"), a trucking company, were named defendants in a state court personal injury action, arising out of an automobile accident involving one of their trucks. National Unity had issued an insurance policy to Lopez & Dukes, and defended them in the personal injury action. One of National Unity's grounds for relief in the instant action was that Lopez & Dukes truck involved in the accident was not listed in the insurance policy.

Lopez & Dukes filed a cross-claim against Maria Rosario Tovias and Tovias Freight & Service (collectively "Tovias"), which assisted Lopez & Dukes in obtaining insurance coverage, and ARSA Insurance Services, Inc. ("ARSA"), a National Unity's agent, which procured Lopez & Dukes' policies with National Unity. Lopez & Dukes claims Cross-defendants' negligence caused several vehicles to be dropped from the policy when it was renewed. Although Lopez & Dukes requested same coverage as the previous year, which included six vehicles, the policy at issue listed only one vehicle.

National Unity filed a summary judgment motion, which was granted in part by order filed September 5, 2005. The Court found National Unity was entitled to recover $373,000, the settlement amount in the underlying personal injury action, and its defense costs. The Court denied National Unity's motion insofar as it sought rescission of the policy. In its Application, National Unity represents that it is "amenable to a voluntary dismissal" of its rescission claim. The amount of recoverable defense costs was determined by order filed April 7, 2006, awarding National Unity $41,652.59, and denying without prejudice its request for an additional

$23,640.69, representing primarily adjusting expenses.  In its Application, National Unity represents that it waives any right to obtain an award of these fees and costs.  However, it requests an additional award of pre- and post- judgment interest, which was not addressed in the summary judgment motion.

Although Lopez & Dukes' cross-claims against Tovias and ARSA remain pending, National Unity contends it is entitled to a judgment on its part of the case.  Rule 54(b) provides in pertinent part:

> Judgment Upon Multiple Claims or Involving Multiple Parties.  When more than one claim for relief is presented in an action . . ., or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

The power to enter partial final judgment "is largely discretionary, to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993)(citations and quotation marks omitted).  In *Morrison-Knudsen Co., Inc. v. Archer*, the Ninth Circuit elaborated on the requirements of Rule 54(b):

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.  The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order.  Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court.  A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

655 F.2d 962, 965 (9th Cir. 1981).

National Unity asserts, without elaborating, that "there is no just reason for delay since there are no claims pending against National Unity and resolution of the defendants' indemnity [cross-]action has no bearing on this Court's previous orders . . . ." (Application at 3.)  This is insufficient for the Court to make the necessary specific findings outlined in *Morrison-Knudsen*.

1     Contrary to National Unity's argument, any appeals in the action and cross-action could
2 easily present similar factual and legal issues.  For example, one of the defenses Lopez & Dukes
3 asserted against National Unity was coverage by estoppel.  Lopez & Dukes argued they
4 requested the policy be renewed with the same coverage, and that the failure to list all six
5 vehicles resulted from ARSA's negligence , which should be imputed to National Unity.  In
6 addition, they argued National Unity's agent represented Lopez & Dukes would obtain the same
7 coverage as provided by the prior policy, and the insurer is bound by that representation.
8 Although the issues of ARSA's alleged negligence were raised by Lopez & Dukes against
9 National Unity in the main action, they are also the crux of their cross-claims against ARSA.

10    The only reason cited by National Unity for entry of partial final judgment is the delay in
11 obtaining a final judgment if it has to wait for the remainder of the case to be tried.  This type of
12 delay is present in every case where the claims as to some of the parties are adjudicated before
13 others.  This is therefore not the "unusual case" contemplated by Rule 54(b).  *See*
14 *Morrison-Knudsen, Co.*, 655 F.2d at 965.  Since National Unity's Application does not make the
15 showing necessary for entry of a partial judgment, its Application is denied.

16    In the alternative, the Application is denied because the issues it raises are not properly
17 presented by means of an *ex parte* application.  *Ex parte* relief is proper only for ministerial
18 matters, scheduling matters and emergencies.  *See* William W. Schwarzer, *Fed. Civ. Proc.*
19 *Before Trial* ¶ 12:162 (2006).  Rule 54(b) requests and requests for pre- and post- judgment
20 interest are more appropriately addressed in the form of a noticed motion, where all concerned
21 have an adequate opportunity to brief and consider the issues presented.

22    For the foregoing reasons, National Unity's Application is **DENIED**.

23    **IT IS SO ORDERED**.

24 DATED: October 24, 2006

25                                              M. James Lorenz
                                                 United States District Court Judge

26 COPY TO:

27 HON. WILLIAM McCURINE, JR.
   UNITED STATES MAGISTRATE JUDGE
28 ALL PARTIES/COUNSEL